IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STEVEN DAWAYNE WILLIS,

        Plaintiff,

    v.

MIKE SCHMIDT; CITY OF PORTLAND;
MULTNOMAH COUNTY DISTRICT
ATTORNEY'S OFFICE; STATE OF OREGON;
ELLEN F. ROSENBLUM; and OREGON
ATTORNEY GENERAL'S OFFICE,

        Defendants.

Case No. 3:21-cv-01834-JR

ORDER

RUSSO, Magistrate Judge.

    Plaintiff, an adult in custody at the Multnomah County Inverness Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to an Order entered this date, the Court granted plaintiff's Application to Proceed *In Forma Pauperis*. For the reasons set forth below, plaintiff must file an Amended Complaint and, further, the Court denies plaintiff's Motion for Appointment of Counsel.

1 - ORDER

## BACKGROUND

Plaintiff alleges he was arraigned on unspecified charges on June 29, 2021 on probable cause without having first been indicted, and then was arraigned again on July 2, 2021. He alleges he remains in custody, presumably upon the charges for which he was arraigned. Plaintiff alleges the parties responsible for his confinement acted negligently and in violation of his constitutional rights and state law. Plaintiff does not allege individual participation by any of the named defendants in the alleged violation of his rights. Plaintiff does not allege personal involvement by any of the named defendants in the alleged violation of his rights. By way of remedy, plaintiff seeks money damages as well as the expungement of all criminal records/history. Plaintiff also moves for appointment of counsel.

## STANDARDS

A district court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2) & 1915A(b). When a plaintiff is proceeding *pro se*, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Moreover, before dismissing a *pro se* civil rights complaint for failure to state a claim, the court supplies the plaintiff with a statement of the complaint's deficiencies. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623-24 (9th Cir. 1988); Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is clear that

2 - ORDER

the deficiencies of the complaint cannot be cured by amendment. Karim-Panahi, 839 F.2d at 623; Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

**I.    Complaint**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). A plaintiff must also allege that he suffered a specific injury as a result of a particular defendant's conduct and an affirmative link between the injury and the violation of his rights. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

As noted, plaintiff does not allege personal involvement by any of the named defendants in the alleged violation of his rights and, accordingly, fails to state a claim against them upon which relief may be granted under § 1983. Also, plaintiff names the Multnomah County District Attorney's Office in the caption of his Complaint and identifies the City of Portland as a defendant at page two but does not allege facts that would establish municipal liability. See Monell, 436 U.S. at 690-91. A municipal entity is liable under § 1983 only if the plaintiff alleges his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom; a municipality may not be held vicariously liable under § 1983 simply based on the allegedly unconstitutional acts of its employees. Mt. Healthy City Sch. Dist. Bd. Of Ed. v. Doyle, 429 U.S. 274, 280 (1977); Board of Cty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Likewise, to the extent plaintiff seeks to bring a supervisory capacity claim against defendants

3 - ORDER

Mike Schmidt or Ellen Rosenblum, supervisory officers are not liable under § 1983 for the acts of their subordinates. Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). In any event, defendants Schmidt and Rosenblum are entitled to prosecutorial immunity. See Van de Kamp v. Goldstein, 555 U.S. 335, 341 (2009) (state prosecutors are entitled to absolute immunity for acts taken in their official capacity). Defendant State of Oregon is also immune, as the Eleventh Amendment bars suit in federal court against either a state or an agency acting under its control absent a clear and equivocal waiver. See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam)

To the extent plaintiff is challenging ongoing criminal proceedings to obtain expungement of the records of those proceedings, principles of comity and federalism weigh against a federal court interfering with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. Younger v. Harris, 401 U.S. 37, 43-54 (1971). Moreover, a habeas petition, rather than a civil rights complaint under § 1983, is the proper vehicle to bring claims of violation of speedy trial rights. See e.g., Ricardez v. Edwards, No. 3:21-cv-05437-RAJ-JRC, 2021 WL 2936675, at *2 (W.D. Wash. July 13, 2021) (claims that plaintiff was being confined in violation of right to speedy trial could only be raised in habeas petition).

A claim for damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid is not cognizable under § 1983, "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 487 (1994). Heck has also been applied to pretrial detainees and to claims arising out of pending charges. Alvarez-Machain v. United States, 107 F.3d 696, 700–701 (9th Cir. 1996); see also Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1988) (Heck barred plaintiff's

4  - ORDER

false arrest and imprisonment claims until conviction was invalidated); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) (Heck barred plaintiff's claims that defendants lacked probable cause to arrest him and brought unfounded charges against him). However, the Supreme Court has announced that the Heck rule bars an action only if there is an existing conviction. See Wallace v. Kato, 549 U.S. 384, 393 (2007).

In Wallace, the Supreme Court held that *Heck* does not encompass the principle that "an action which would impugn an anticipated future conviction cannot be brought until that conviction occurs and is set aside." Id. Instead of requiring dismissal of civil claims filed in the shadow of an impending criminal case under Heck, the Supreme Court noted that if a plaintiff files a § 1983 false arrest claim before he is convicted, or "any other claim related to rulings that likely will be made in a pending or anticipated criminal trial, it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." Id. at 393-94. If the plaintiff is then convicted, and the civil suit would impugn that conviction, Heck then requires dismissal. Id. Otherwise, the case may proceed. Id.

Because it is not clear from the face of the Complaint whether plaintiff has been convicted of a crime, and because plaintiff does not allege that any such conviction has been invalidated, to the extent plaintiff alleges his current confinement results from his alleged unconstitutional detention, plaintiff's Complaint is subject to dismissal.

Finally, to the extent plaintiff alleges claims for relief under state law, although the Court may exercise supplemental jurisdiction over state law claims, the Court may also decline to exercise supplemental jurisdiction over a claim if the court has dismissed all claims over which it

has original jurisdiction. 28 U.S.C. § 1367(c)(3). As discussed above, plaintiff's Complaint fails to state a plausible federal claim for relief. If plaintiff fails to file an Amended Complaint which cures the deficiencies noted, plaintiff's state law claims will be dismissed as well. See United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).

## II. Motion for Appointment of Counsel

Plaintiff moves for a court-appointed attorney. Generally, there is no constitutional right to counsel in a civil case. United States v. 30.64 Acres of Land, 795 F.2d 796, 801 (9th Cir. 1986). However, under 28 U.S.C. § 1915(e), this Court has discretion to request volunteer counsel for indigent parties in exceptional circumstances. Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). While this Court may request volunteer counsel in exceptional cases, it has no power to make a mandatory appointment. Mallard v. United States Dist. Ct. of Iowa, 490 U.S. 296, 301-08 (1989).

In order to determine whether exceptional circumstances exist, this Court evaluates the party's likelihood of success on the merits and the ability of the party to articulate his or her claim *pro se* in light of the complexity of the legal issues involved. Wood, 900 F.2d at 1335-36. However, "[n]either of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under [former] section 1915(d)." Wilborn, 789 F.2d at 1331.

It is not appropriate to appoint counsel under 28 U.S.C. § 1915(e) when the Court determines a Complaint should be dismissed under 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Accordingly, the Court denies plaintiff's motion for appointment of counsel.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that plaintiff must file an Amended Complaint, curing the deficiencies noted above, within 30 days of the date of this Order. Plaintiff is advised that failure to file an Amended Complaint, or failure to cure the deficiencies noted above, shall result in the dismissal of this proceeding.

IT IS FURTHER ORDERED that plaintiff's Motion for Appointment of Counsel (ECF No. 4) is DENIED.

IT IS SO ORDERED.

DATED this __24th__ day of February 2022.

    /s/ Jolie A. Russo
Jolie A. Russo
United States Magistrate Judge